IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERRI KOEHNKE, )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 08-0759
 )
The CITY OF MCKEESPORT, )
E. MICHAEL ELIAS, Individually and )
as an Agent and Employee Thereof, )
and TOM CARTER, Individually and )
as an Agent and Employee Thereof, )
 )
      Defendants. )

MEMORANDUM and ORDER

Gary L. Lancaster
District Judge.                         October 24, 2008

    This is an action in civil rights under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff, Sherri Koehnke, alleges that defendants, the City of McKeesport, and McKeesport police officers E. Michael Elias and Tom Carter, violated her substantive due process and equal protection rights under the Fourteenth Amendment to the United States Constitution [doc. no. 1]. Plaintiff also alleges a state law claim of intentional infliction of emotional distress. The suit stems from defendants' failure to successfully investigate plaintiff's daughter's ten year disappearance.

    Defendants have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56(c) [doc. no. 6]. The defendants argue,

among other things, that plaintiff's claims against them are barred by the applicable statute of limitations. For the reasons set forth below, the motion for summary judgment will be granted.

I. BACKGROUND

The following material facts are not in dispute.[1]

Plaintiff is the mother of Tanya Kach. In February of 1996, fourteen year old Tanya ran away from her home in McKeesport, Pennsylvania where she lived with her father and his girlfriend. Without telling anyone of her plans or her whereabouts, Tanya moved in with Thomas Hose and his mother and father, who also lived in McKeesport, Pennsylvania. At the time, Thomas Hose was a thirty-seven year old security guard at Tanya's school. After plaintiff learned that Tanya was missing, she noticed Thomas Hose's phone number listed on her telephone bill for the date Tanya had last visited her shortly before she ran away. Plaintiff called Thomas Hose and asked whether he knew of Tanya's whereabouts. Thomas Hose told her that did not know Tanya and did not know that she was missing.

---

[1] At oral argument, plaintiff's counsel argued that defendants' motion was premature because the parties had not yet conducted discovery. However, the facts material to the issue of whether plaintiff's claims are time barred are not in dispute. Plaintiff has admitted the facts which are material to the issue of timeliness set forth in defendant's Statement of Undisputed Facts [doc. nos. 8, 12]. Discovery cannot change plaintiff's own admissions.

Thereafter, plaintiff met with defendant Elias about Tanya's disappearance. At that time, defendant Elias was the Juvenile Lieutenant for the McKeesport police. Plaintiff told defendant Elias that Tanya was friends with Thomas Hose and that Tanya had called him from her house shortly before she ran away. Plaintiff also told defendant Elias that she had called Thomas Hose after learning that Tanya was missing, and that Thomas Hose denied even knowing Tanya.

In August of 1998 or September of 1999, plaintiff met with another member of the McKeesport police, Captain of Detectives Eugene Riazzi. Plaintiff told Captain Riazzi of her suspicion that Thomas Hose was involved in Tanya's disappearance. Capatain Riazzi told her that the McKeesport police had investigated Thomas Hose and concluded that Thomas Hose had nothing to do with Tanya's disappearance.

On March 21, 2006, Tanya finally revealed her true identity to friends. One of those friends called the authorities. Thereafter, law enforcement officials came to the Hose residence and removed Tanya. By March 23, 2006, there was widespread media coverage of Tanya's re-appearance and the fact that she had been living with Thomas Hose and his family for ten years. On March 23, 2006, plaintiff spoke to Tanya, as well as the media. On March 24,

2006, plaintiff saw Tanya in person.[2]

Plaintiff filed this action on June 2, 2008. According to plaintiff, approximately one year prior to filing the complaint, plaintiff learned for the first time that McKeesport police went to the Hose home to look for Tanya a few years after her disappearance.[3] During this incident, Thomas Hose told police that Tanya was not there and that his parents were sleeping. The police then abandoned their search, allowing Tanya to remain in the Hose household.

In her complaint, plaintiff alleges that defendant City of McKeeport violated her Fourteenth Amendment substantive due process rights by: (1) having a policy or custom of failing to adequately train and supervise police officers in lost juvenile matters; and (2) having a policy or custom of inadequate response to, and investigation of, citizen complaints. Thereby, according to plaintiff, the City allowed Constitutional abuses to occur. Plaintiff claims the defendant police officers violated her Fourteenth Amendment substantive due process rights and equal

---

[2] On September 19, 2006, Tanya filed her own civil rights lawsuit against these defendants and others for, inter alia, failing to properly investigate her disappearance. That claim was dismissed as untimely. See Kach v. Hose, 06-1216, 2008 WL 4279799 (W.D. Pa. Sept. 12, 2008).

[3] Plaintiff is uncertain as to the exact date the police went to the Hose house. However, the exact date of this visit is not relevant for purposes of resolving this motion.

protection rights by failing to use professional police procedures to investigate Tanya's disappearance. Plaintiff also asserts a state law claim of intentional infliction of emotional distress.

For the reasons discussed below, plaintiff's claims are untimely.

II. STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

It is on this standard that the court has reviewed the

instant motion for summary judgment and the response thereto.

III. DISCUSSION

In order to recover in a section 1983 action, a plaintiff must prove two essential elements: (1) defendants deprived her of a right secured by the Constitution or laws of the United States; and (2) defendants deprived her of this federal right under color of any statute, ordinance, regulation, custom, or usage of any State or Territory. Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). Section 1983 does not create substantive rights. It only allows a plaintiff to recover damages for violations of rights protected by other federal laws or by the United States Constitution. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Wilson v. Garcia, 471 U.S. 261, 278 (1985).

The defendants contend that plaintiff's section 1983 claims expired pursuant to the applicable statute of limitations before she filed her complaint. Plaintiff, however, argues that her claims are not time barred because she did not discover that she had a claim until she learned that the McKeesport police went to the Hose residence a few years after Tanya disappeared but failed to discover Tanya. She contends that she did not learn of this incident until, "a little less than one year prior to the filing of this case." [Doc. No. 10 at 7]. Therefore, according to plaintiff, the claim is timely. The court agrees with defendants.

A.  Statute of Limitations

The applicable statute of limitations for a section 1983 claim is the general personal injury limitations period of the forum state. Wilson, 471 U.S. at 279-80. The statute of limitations for personal injury claims in Pennsylvania is two years. See Pa. Cons. Stat. Ann. § 5524(2) (2007). Therefore, the applicable statute of limitations for plaintiff's section 1983 claims is two years from the date her section 1983 claims accrued. Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989).

Generally, the statute of limitations for a tort action under Pennsylvania law accrues when the injury is sustained. Debiec v. Cabot Corp., 352 F.3d 117, 128-29 (3d Cir. 2003). In this case, plaintiff's claimed injury is the constitutionally protected right to the companionship of her daughter. Plaintiff's injury, therefore, was sustained beginning in February 1996 and continued until, at the latest, March 24, 2006 when she saw Tanya again.

B.  Discovery Rule

The "discovery rule" is an exception to the general rule discussed above. It applies where a party, through no fault of her own, does not discover her injury until after the statute of limitations would normally have run. Moyer v. United Dominion Indus., Inc., 473 F.3d 532, 547 (3d Cir. 2007) (citing Debiec, 352 F.3d at 129). "In that case, the limitations period begins to run

when the plaintiff knows, or reasonably should know: (1) that [she] has been injured, and (2) that [her] injury has been caused by another party's conduct." Id. (citation and internal quotations omitted).

The party claiming the benefit of the discovery rule has the burden of demonstrating that it applies, and must establish reasonable diligence in investigating her potential claim, with "reasonableness" considered under an objective standard. Id. Thus, the limitations period is triggered when the plaintiff possessed sufficient critical facts to put her on notice that a wrong had been committed and that she needed to investigate to determine whether she was entitled to redress. Id. at 547-48 (citation and internal quotations omitted). "The issue of reasonable diligence is usually for the jury to decide, but where the facts are so clear that reasonable minds cannot differ, the commencement period may be determined as a matter of law." Id.

Plaintiff claims the benefit of the discovery rule in this case. Although we find that the rule applies, we conclude that it cannot save plaintiff's claims. The undisputed material facts establish that plaintiff was aware, no later than March 24, 2006, of the facts supporting her Constitutional claims. By that date, plaintiff knew that: (1) Tanya had been living with Thomas Hose and his family for the last ten years; (2) the McKeesport police knew that Tanya was friends with Thomas Hose and had called

Thomas Hose from plaintiff's home shortly before Tanya disappeared; yet, Thomas Hose denied even knowing Tanya; (3) McKeesport police investigated Thomas Hose and his possible involvement in Tanya's disappearance, but concluded that he had nothing to do with Tanya's disappearance; and (4) defendants were wrong about Thomas Hose and had obviously failed to adequately investigate him.

Plaintiff contends that the statute of limitations period should not be triggered under the discovery rule until sometime in 2007, when she learned that McKeesport police visited the Hose house, a few years after Tanya disappeared, but failed to find Tanya. This incident is certainly strong evidence of the inadequacy of defendants' investigation of Thomas Hose. However, plaintiff knew well before she learned of that incident that the McKeesport police had botched the investigation. On the day plaintiff learned that Tanya had been living with Thomas Hose and his family, plaintiff knew, or reasonably should have known, that defendants' investigation of Thomas Hose was inadequate.

We conclude as a matter of law that a reasonable person armed with the same information that plaintiff possessed on March 24, 2006, would have sufficient notice that a wrong had been committed by the defendants and that she needed to investigate to determine whether she was entitled to redress. Thus, under the discovery rule, the limitations period began to run on that date. Plaintiff's section 1983 claims, therefore, expired two years later

on March 24, 2008. Because she did not file this complaint until June 2, 2008, it is time barred.

Plaintiff's state law claim of intentional infliction of emotional distress is also untimely. This claim is also subject to a two year statute of limitations. See 42 Pa. Cons. Stat. Ann. § 5524(7) (2007). For the same reasons set forth above, plaintiff's claim for intentional infliction of emotional distress also accrued on March 24, 2006 and expired on March 24, 2008.

IV. CONCLUSION

Because resolution of the timeliness issue disposes of all of plaintiff's claims against the defendants, we will not address the defendants' additional defenses. For the reasons set forth above, the defendants' motion for summary judgment will be granted. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERRI KOEHNKE,                        )
                                       )
         Plaintiff,                    )
                                       )
    v.                                 )   Civil Action No. 08-0759
                                       )
The CITY OF MCKEESPORT,                )
E. MICHAEL ELIAS, Individually and     )
as an Agent and Employee Thereof,      )
and TOM CARTER, Individually and       )
as an Agent and Employee Thereof,      )
                                       )
         Defendants.                   )

ORDER

AND NOW, this 24th day of October, 2008, IT IS HEREBY ORDERED that the motion for summary judgment filed on behalf of defendants the City of McKeesport, Tom Carter, and E. Michael Elias [doc. no. 6] is GRANTED. Plaintiff's claims against all defendants are dismissed with prejudice.

IT IS FURTHER ORDERED THAT the Clerk of Court is directed to mark this case closed forthwith.

BY THE COURT:

/s/ Lancaster, J.